**No. 22-5221**                                         **September Term, 2022**

1:20-cv-02148-CRC

**Filed On: September 20, 2022**

Jane Doe, M.D.,

      Appellant

    v.

Steven L. Lieberman, In his official capacity
as Acting Principal Under Secretary for
Health, Department of Veteran Affairs,
Veterans Health Administration, et al.,

      Appellees

      **BEFORE:**    Millett, Rao, and Childs, Circuit Judges

# O R D E R

Upon consideration of the emergency motion for stay, which includes a request to maintain appellant's pseudonym status during the pendency of this appeal, the supplement thereto, the response, and the reply; and the administrative stay entered August 29, 2022, it is

**ORDERED** that the administrative stay be dissolved. It is

**FURTHER ORDERED** that the motion for stay be denied. Appellant has not satisfied the stringent requirements for a stay pending appeal. See Nken v. Holder, 556 U.S. 418, 434 (2009); D.C. Circuit Handbook of Practice and Internal Procedures 33 (2021). In particular, appellant has failed to demonstrate that she is likely to succeed on the merits of this appeal, based on the two arguments she raises in her motion and supplement.

Insofar as appellant asserts that the district court's remand and summary judgment orders reached inconsistent conclusions with respect to the relevance of evidence excluded by the Disciplinary Appeals Board, appellant has not demonstrated that those conclusions were incompatible or, as she asserts, necessarily erroneous. On the contrary, the district court appears to have made a preliminary determination that

the evidence might have been relevant, and then on further review of the record concluded the evidence was not so relevant as to render its exclusion harmful error.

Furthermore, the court need not decide whether the district court was barred under DHS v. Regents of Univ. of Cal., 140 S. Ct. 1891 (2020), from considering appellees' belated explanation for their evidentiary rulings, because the district court concluded that, even if that explanation were disregarded, those rulings constituted at most harmless error. Appellant has not shown at this stage that she is likely to succeed in establishing that this alternative holding was incorrect.

While it is a closer question whether appellant has demonstrated that she will suffer irreparable harm absent a stay, the court concludes that no stay is warranted given appellant's failure to make a strong showing that she is likely to succeed on the merits of this appeal. See Nken, 556 U.S. at 434. It is

**FURTHER ORDERED** that the motion to maintain appellant's pseudonym status be denied. Because appellant's discipline and dismissal will be reported to the National Practitioner Data Bank, her privacy interest in this case is substantially diminished and does not outweigh the "strong presumption in favor of public access to judicial proceedings," including the identities of the litigants. Hardaway v. D.C. Hous. Auth., 843 F.3d 973, 980 (D.C. Cr. 2016); see also In re Sealed Case, 931 F.3d 92, 97 (D.C. Cir. 2019). The Clerk is directed to update the docket for this appeal accordingly.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY:   /s/
      Laura Morgan
      Deputy Clerk