# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued February 22, 2024        Decided June 4, 2024

No. 22-5221

ELIZABETH SCHACHT, M.D.,
APPELLANT

v.

STEVEN L. LIEBERMAN, IN HIS OFFICIAL CAPACITY AS ACTING
PRINCIPAL UNDER SECRETARY FOR HEALTH, DEPARTMENT OF
VETERAN AFFAIRS, VETERANS HEALTH ADMINISTRATION, ET
AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-02148)

———

*Brandon L. Arnold* argued the cause for appellant. With him on the briefs was *Mark H. Russell*.

*Simon C. Brewer*, Attorney, U.S. Department of Justice, argued the cause for appellees. With him on the brief were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *Abby C. Wright*, Attorney. *R. Craig Lawrence* and *Jeremy S. Simon*, Assistant U.S. Attorneys, entered appearances.

2

Before: WILKINS and RAO, *Circuit Judges*, and RANDOLPH, *Senior Circuit Judge*.

Opinion for the Court filed by *Senior Circuit Judge* RANDOLPH.

RANDOLPH, *Senior Circuit Judge*:  In 2018, the Director of a Department of Veterans Affairs hospital complex in Colorado fired Dr. Elizabeth Schacht, a staff anesthesiologist and critical care physician.  Dr. Schacht appealed to a VA Disciplinary Appeals Board.  *See* 38 U.S.C. §§ 7461(b)(1), (c)(2)(E), 7462(b), 7464.  After a four-day evidentiary hearing, the Board upheld her discharge. *See id.* § 7462(c).  Dr. Schacht then brought an action in federal district court contesting the Board's decision. *See id.* § 7462(f)(1).

In this appeal from the district court's order granting the VA's motions for summary judgment, Dr. Schacht claims that the Board acted arbitrarily in refusing to admit some of her proposed evidence. *See id.* § 7462(f)(2).  She also argues that the Board's decision was arbitrary and capricious because the Board did not sufficiently consider whether a penalty short of firing her would have been appropriate.

**I.**

Dr. Schacht began working at the VA hospital complex in 2015.  By fall 2017, Dr. Schacht's colleagues had reported consistent and serious problems with her patient care, professionalism, and communication.  Based on those reports, the hospital Director determined that Dr. Schacht's performance "potentially constitute[d] an imminent threat to patient welfare."  In February 2018, the Director summarily suspended her clinical privileges pending further review.

3

Several months later, the hospital's Chief of Staff sent a letter to Dr. Schacht specifying her unprofessional conduct and proposing to revoke her clinical privileges and remove her from federal service.    The Director affirmed the unprofessional conduct charge and discharged Dr. Schacht in August 2018.

Dr. Schacht appealed to a VA Disciplinary Appeals Board. The Board consisted of three agency physicians, including a Chief of Anesthesiology.  *See* 38 U.S.C. § 7464(a).  In June 2019 the Chairman of the Board scheduled a hearing on Dr. Schacht's appeal for December 2, 2019, a Monday, and required the parties to submit "any pre-hearing motions or other requests" by October 7.

On Friday, November 29, the last business day before the hearing, Dr. Schacht's counsel "request[ed]" that the Board accept into evidence 280 pages of additional documentary exhibits.  VA counsel objected.  At the start of the hearing, the Board denied Dr. Schacht's request.[1]  In response, Dr. Schacht's counsel argued that the exclusion would prevent her "from presenting evidence in her own defense," but did not ask the Board to clarify its ground for rejecting the request.

After four days of testimony from nineteen witnesses,  the Board issued a written decision sustaining the unprofessional conduct charge.  To determine the appropriate penalty, the Board applied a test based on the twelve factors established in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305–06 (M.S.P.B. 1981).  *See* Dep't of Veterans Affairs, VA Handbook 5021, at II-A-1 to -1b (Dec. 28, 2017).    The Board recommended that the agency uphold Dr. Schacht's firing.

---

[1] The Board also denied a late motion from VA counsel to submit additional evidence.

4

Acting through a delegate, the Secretary of Veterans Affairs executed the Board's decision.

Dr. Schacht sought review of the Board's order in district court, alleging that the Board violated her statutory and constitutional rights. *See* 38 U.S.C. § 7462(f)(1). She asked the court to hold unlawful and set aside various Board actions that she characterized as arbitrary and capricious. *See id.* § 7462(f)(2).

The district court granted in part and denied in part both parties' motions for summary judgment. The court rejected most of Dr. Schacht's procedural claims except, as relevant here, her contention that the Board's failure to explain why it had excluded her additional evidence "cross[ed] the line from the tolerably terse to the intolerably mute." *See Greater Bos. Television Corp. v. FCC*, 444 F.2d 841, 852 (D.C. Cir. 1970). Without vacating the VA's order, the district court remanded for the Board to provide either an explanation for its evidentiary ruling or a revised decision.

Upon remand, the Board explained that it had rejected Dr. Schacht's submission for two reasons. One, the evidence was offered "late"—after the October 7 deadline for motions and other requests and "just before the hearing was set to begin." Two, the Board concluded that "many of the documents were related to a discrimination-related case" that Dr. Schacht had brought against the VA and were therefore "not relevant to the case and charges" before the Board.

Over Dr. Schacht's objection, the district court determined that it could and would consider the Board's explanation on remand. The court credited the Board's reasoning that Dr. Schacht's submission was untimely. (It was unconvinced by the Board's additional explanation that her exhibits were

5

categorically irrelevant.)  The district court also held that Dr. Schacht's proposed exhibits were largely redundant with evidence already in the administrative record, so their exclusion was at most a harmless error.  Rejecting Dr. Schacht's remaining claims, the court granted summary judgment to the agency.

## II.

Dr. Schacht contends that the district court should not have considered the Board's explanation on remand for refusing to admit her exhibits.  In evaluating her argument we shall assume, without deciding, that the district court properly remanded the matter.[2]

Dr. Schacht invokes the oft-repeated administrative law principle that rejects "*post hoc* rationalizations" by the agency or its counsel.  *See, e.g.*, *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943); *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168–69 (1962); *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 20–21 (2020).  In other words, "a court may uphold agency action only on the grounds that the

---

[2] The Administrative Procedure Act does not require an agency to explain its denial of a written request if "the denial is self-explanatory."  5 U.S.C. § 555(e).  When the Board Chairman announced at the beginning of the hearing that Dr. Schacht's request was denied, her attorney did not ask for an explanation.  As the district court pointed out, trial judges "are not expected to provide detailed explanations for each of their evidentiary rulings."  *United States v. Russo*, 104 F.3d 431, 434 (D.C. Cir. 1997).  In federal court proceedings, "when the party offering evidence does not request that the court clarify its decision to exclude . . . evidence, a reviewing court will sustain the exclusion on any ground that the district court could have invoked."  *United States v. Ashton*, 555 F.3d 1015, 1019 (D.C. Cir. 2009) (citing 1 MCCORMICK ON EVIDENCE 260 (6th ed. 2006)).

6

agency invoked when it took the action." *Michigan v. EPA*, 576 U.S. 743, 758 (2015). Dr. Schacht takes this to mean that if the agency fails to explain its initial ruling it is barred from explaining on remand why it acted as it did. That is not an accurate statement of the law.

In the leading case of *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), the Supreme Court held that an agency that failed to give a reason for its action must do so on remand even though "[s]uch an explanation will, to some extent, be a 'post hoc rationalization' and thus must be viewed critically." *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973) (per curiam), citing *Overton Park*, held the same. It follows that when an agency "states no reasons at all, the usual remedy is a remand to the agency for additional investigation or explanation." *Olivares v. TSA*, 819 F.3d 454, 463 (D.C. Cir. 2016) (quoting *Tourus Recs., Inc. v. DEA*, 259 F.3d 731, 737 (D.C. Cir. 2001)) (internal quotation marks omitted).[3] "[I]t is entirely proper for an agency to provide an explanation if directed to do so on remand," even though that explanation will be after the fact. *Muwekma Ohlone Tribe v. Salazar*, 708 F.3d 209, 217 (D.C. Cir. 2013); *see also Alpharma, Inc. v. Leavitt*, 460 F.3d 1, 6 (D.C. Cir. 2006).

Because Dr. Schacht made her request to supplement the record nearly two months after the deadline for "pre-hearing motions or other requests," it was reasonable for the Board to reject her submission for being too late. By its terms, the deadline applied to Dr. Schacht's additional exhibits—and to the VA's late evidentiary filing, which the Board also excluded. The Board's application of the deadline was not arbitrary.

---

[3] We repeat (*see* note 2 *supra*) that we are not deciding that a remand was necessary.

7

## III.

Dr. Schacht also claims that the Board's decision to uphold her firing was arbitrary and capricious because the Board failed to consider whether a lesser penalty would deter her misconduct. The Board stated that it "believe[d] the offense was serious enough to warrant removal from the VA." Dr. Schacht claims that this "conclusory" statement tainted the Board's ultimate penalty decision.

The Board was not required to expressly list or discuss other potential penalties. *Cf. United Airlines, Inc. v. TSA*, 20 F.4th 57, 62 (D.C. Cir. 2021). All the Board had to do was explain "why it chose to do what it did." *Tourus Recs.*, 259 F.3d at 737 (quoting Henry J. Friendly, Chenery *Revisited: Reflections on Reversal and Remand of Administrative Orders*, 1969 DUKE L.J. 199, 222).

Taking the Board's order as a whole, the Board adequately explained why it believed no alternative penalty would redress Dr. Schacht's unprofessional conduct. *See Robinson v. Dep't of Veterans Affs.*, 923 F.3d 1004, 1018 (Fed. Cir. 2019). The Board noted that "the environment [Dr. Schacht] created is not conducive of successful future relationship[s] with her colleagues" and that "[t]he agency was correct in removing her to remedy this very toxic environment." Several witnesses had expressed to the Board that "their faith in the VA['s] ability to hold [its] employees accountable will be undermined if [Dr. Schacht] w[ere] to return to duty." And the Board concluded that because Dr. Schacht "did not show any acceptance of responsibility," "her return, attempt to rehab and integrate w[ould] be very difficult."

8

The Board adequately considered the relevant penalty factors. Its decision to uphold Dr. Schacht's firing was not arbitrary or capricious.

\* \* \*

Accordingly, the judgment of the district court is affirmed.

*So ordered.*